lml

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 11-40020-JAR** |
| | ) | |
| **BETTY LESSARD and** | ) | |
| **GERARD LESSARD,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants Gerard and Betty Lessard's Motions for

Determination of Place of Trial (Docs. 24, 26). Defendants seek an intra-district transfer of these

criminal proceedings to Wichita. The government opposes defendants' request. A hearing was

held on May 9, 2011, at which time the Court took the matter under advisement. After

considering the parties' submissions and arguments and statements at the hearing, the Court

grants defendants' motions and transfers this case to Wichita for all further proceedings, and

further orders the case be reassigned to Judge J. Thomas Marten.

### *Background*

Defendants are charged with six felonies: conspiracy in violation of 18 U.S.C. § 371;

filing false tax returns in violation of 26 U.S.C. § 7206(1); and evading taxes, in violation of 26

U.S.C. § 7201. The Indictment alleges that the Lessards conspired to file false federal income

tax returns and attempted to evade and defeat the payment of taxes by omitting from their

personal federal income tax returns approximately $3.49 million in income received from writing

themselves checks and paying their personal expenses from their business's bank accounts. Defendants owned and operated ProActive Home Care, Inc. and ProActive Home Health Services, Inc., companies that ostensibly provided home health services in the greater Wichita area. ProActive received money from the Medicare and Medicaid programs, and defendants were salaried employees of the companies. Gerard Lessard also owned and operated ProActive Associates, Inc., which was ostensibly a business and management consulting firm. Defendants had signatory authority for multiple business accounts at multiple financial institutions. The government requests that trial be held in Topeka, Kansas, where the Indictment was returned. This case has been designated as complex.

### Discussion

Fed. R. Crim. P. 18 provides

> Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant and the witnesses, and the prompt administration of justice.

"The trial court may weigh the prejudice alleged by defendant against the concern of providing a speedy trial."[1] A district court has discretion in determining whether intra-district transfer is appropriate.[2] Further, a court's decision regarding change of venue is entitled to deference.[3]

Additionally, in evaluating motions for intra-district transfer, courts rely on the principles

---

[1] *United States v. Lawson*, 670 F.2d 923, 926 (10th Cir. 1982) (citing *United States v. Brown*, 535 F.2d 424, 429–30 (8th Cir. 1976); *United States v. Florence*, 456 F.2d 46, 50 (4th Cir. 1972)).

[2] *United States v. Afflerbach*, 754 F.2d 866, 869 (10th Cir. 1985).

[3] *United States v. Williams*, 897 F.2d 1034, 1036 (10th Cir. 1990) (quoting *United States v. Hunter*, 672 F.2d 815, 816 (10th Cir. 1982)).

found in Fed. R. Crim. P. 21.[4]  This Rule provides for transfers of criminal cases from one district to another.  Because Kansas is comprised of one judicial district, Rule 21 is inapplicable to this case, but the Court looks to the case law interpreting it for guidance.  The Supreme Court has listed the following factors that a court should consider when determining whether a case should be transferred under Rule 21: (1) location of corporate defendant; (2) location of possible witnesses; (3) location of events likely to be in issue; (4) location of documents and records likely to be involved; (5) disruption of defendant's business unless the case is transferred; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of place of trial; (9) docket condition of each district or division involved; and (10) any other special elements which might affect the transfer.[5]

Defendants argue the following facts support transfer: (1) they reside in Wichita; (2) their business was/is in Wichita; 3) the banks and real property involved are in Wichita; and 4) potential defense witnesses, including clients and employees of defendants' businesses, accountants, and government witnesses live in Wichita.

The government responds that: (1) little or no weight should be given to defendants' place of residence, as criminal defendants have no constitutional right to have a trial in their home districts, nor does the location of defendants' home have independent significance in determining whether transfer to that district would be in the interest of justice; (2) although there are witnesses who reside in Wichita, the government's primary witnesses reside and work in the

---

[4]*United States v. Miller*, No. 06-40068-JAR, 2009 WL 4827060, at *5 (D. Kan. Dec. 11, 2009); *United States v. Weidner*, No. 02-40140, 2003 WL 21183177, at *11 (D. Kan. May 16, 2003) (citing *United States v. Walker*, 890 F. Supp. 954, 958 n.5 (D. Kan. 1995)).

[5]*Platt v. Minn. Mining & Mfg. Co.*, 376 U.S. 240, 243–44 (1964).

Topeka and the Kansas City areas; because the government has the burden of proof, its witnesses should be the primary concern of this factor; (3) while defendants and ProActive are located in Wichita, the tax returns were filed outside the District of Kansas; (4) discovery consists of approximately forty banker's boxes of dense financial material; (5) disruption of defendants' business is insignificant, as they will not be working during the pendency of trial, regardless of the location; (6) the cost of transporting and storing the government's documents in Wichita, as well as the personnel necessary to try the case, outweighs the cost and effort to transport and accommodate a few Wichita witnesses in Topeka; (7) despite knowing about this Topeka/Kansas City based investigation for over four years, defendants retained Wichita counsel for their representation, and it is disingenuous for them to now claim inconvenience if the trial is in Topeka; (8) the Topeka and Wichita courthouses are equally accessible; (9) since the undersigned is the only active judge in the Topeka division, transferring this case to Wichita will have an adverse impact on Topeka's docket, as well as tie up a Wichita courtroom; (10) Topeka has two fully equipped electronic courtrooms, with monitors for jurors, the witness, counsel, the Court, and the lectern, while the Wichita courtroom only has one; and (11) although it might be convenient for defendants if the trial were transferred to Wichita, they have failed to allege any specific prejudice resulting from trying the case in Topeka.

Following Rule 18, the Court, having given due regard for the convenience of defendants, grants defendants' request to transfer the case to Wichita for all further proceedings. Further, because the District's state-wide case assignment policy in civil cases has not been implemented with respect to criminal matters, the Court also exercises its discretion to reassign the case to Judge J. Thomas Marten.

In so ruling, the Court acknowledges that several factors under the Rule 21 analysis are neutral or point in favor of the case remaining in Topeka, such as the location of the voluminous documents and records involved, as well as the government's expert witnesses and investigators. As the government stressed in its submissions and at argument, however, this case is intertwined with a related case, *United States v. White-Kinchion*, No. 11-40023, and urges that it would promote judicial efficiency to have the two cases tried in the same division, albeit the Topeka division. That case involves defendant Caela M. White-Kinchion, who is charged with committing conspiracy and health care fraud while employed as the Director of Nursing for ProActive Home Care, Inc., one of the Lessards' businesses. In a separate opinion issued contemporaneously with this Order, the Court granted defendant White-Kinchion's motion to transfer to Wichita; that Order is incorporated by reference herein.[6] The Court agrees with the government that these related cases should be tried in the same division, and accordingly, grants defendants' motion for intra-district transfer.

**IT IS THEREFORE ORDERED BY THE COURT** that defendants' Motions for Determination of Place of Trial (Docs. 24, 26) are GRANTED; this case is transferred to the Wichita division for all further proceedings, and shall be reassigned to Judge J. Thomas Marten pursuant to D. Kan. Rule 40.1.

**IT IS SO ORDERED.**

Dated: May 13, 2011

           S/ Julie A. Robinson
           JULIE A. ROBINSON
           UNITED STATES DISTRICT JUDGE

---

[6]Case No. 11-40023-JAR, Doc. 31